[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT PETER THOMPSON'S MOTION FOR SUMMARY JUDGMENT
Defendant Peter Thompson moves for summary judgment on the grounds that he is not a party to the contract upon which the claims alleged in the first, second, and third counts of the complaint are based, that the applicable statutes of limitations bar the claims alleged in the fourth, sixth and seventh counts, and on the ground that the claim alleged in the fifth count has been waived by plaintiff Michael Carrafiello's conduct. For the reasons explained below, the motion is granted as to the first, second, and third count, and denied as to the other counts of the complaint.
In the first three counts, the plaintiff alleges the existence of an CT Page 7450 insurance contract between the plaintiff and defendant Lincoln National Life Insurance Company. The plaintiff alleges that in 1983 he obtained a disability insurance policy from the insurance company through its authorized agent, Peter Thompson. The plaintiff became disabled in 1993 and, thereafter, received benefits under the insurance policy. After the plaintiff obtained employment in a new occupation, the insurance company, acting in accordance with the written terms of the policy, reduced the plaintiffs monthly benefit by the amount of the plaintiffs earned income. The plaintiff claims that the reduction was improper and that he should still be receiving the unreduced benefit.
In the plaintiff's first brief that he filed in opposition to the motion for summary judgment, he argues that his claims against Thompson are based on a contract to procure an insurance policy. However, the plaintiff clearly alleges in the first, second, and third counts that his claims are based on a contract between the plaintiff and the insurance company. Because the undisputed evidence shows that Thompson is not a party to the contract, the motion for summary judgment must be granted on these three claims.
In the fourth, sixth, and seventh counts, the plaintiff alleges claims against Thompson for having negligently advised the plaintiff, having made negligent misrepresentations to the plaintiff, and for having violated the Connecticut Unfair Trade Practices Act, Gen. Stat. §42-110a seq. Thompson contends that these claims are barred by the applicable statutes of limitation. See Gen. Stat. §§ 42-110g (f); 52-576
(a); and 52-577. The plaintiff opposes the motion for summary judgment on the basis the limitation periods were tolled by a continuous course of conduct on the part of Thompson.
The evidence submitted by the plaintiff shows, among other things, that every three years after the policy was issued Thompson contacted the plaintiff and discussed insurance coverage. This evidence is sufficient to present a question of material fact as to whether Thompson's course of conduct tolled the statutes of limitation.
In the fifth count, the plaintiff alleges a claim against Thompson on a promissory estoppel theory. While the parties have treated this count as a claim that is different from the plaintiffs other claims, it appears to the court that the plaintiff plead estoppel in anticipation of defensive pleas that the plaintiff is barred from pursing his claims because he accepted the policy and did not exercise his contractual right to cancel the policy within ten days after receipt. Thompson has moved for summary judgment on this count on the ground plaintiff waived any right to recover under this count by accepting the policy. In light of the representations that the plaintiff attributes to Thompson, a question of CT Page 7451 fact exists as to whether the plaintiff is barred from pursing the claim asserted in this count.
Defendant Thompson's motion for summary judgment is granted as to the first, second, and third counts. The motion is denied as to the fourth, fifth, sixth, and seventh counts.
 ___________________ THIM, J.